IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  and<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br><br>        Plaintiff-Intervenor,<br><br>         v.<br><br>CITY OF GLOUCESTER,<br>MASSACHUSETTS,<br><br>          Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, the United States of America, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF ACTION

1.      This is a civil action brought against the City of Gloucester, Massachusetts ("Gloucester," the "City" or the "Defendant") pursuant to Sections 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and (d).

2.      The claims arise from the Defendant's failure to comply with the CWA in the operation of the Gloucester Water Pollution Control Facility ("WPCF") located at 50 Essex

Avenue, Gloucester, Massachusetts.

## JURISDICTION/VENUE/NOTICE

3.     This Court has jurisdiction over the subject matter of this action pursuant to

Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and

1355.

4.     Venue is proper in this district pursuant to Section 309(b) of the CWA, 33 U.S.C.

§ 1319(b), and pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1395.

5.     Notice of the commencement of this action has been given to the Commonwealth

of Massachusetts (the "Commonwealth") pursuant to Section 309(b) of the CWA, 33 U.S.C.

§ 1319(b).

## DEFENDANT

6.     The Defendant is a municipality within the meaning of Section 502(4) of the

CWA, 33 U.S.C. § 1362(4), and a person within the meaning of Section 502(5) of the CWA,

33 U.S.C. § 1362(5).

## INTERVENING PLAINTIFF

7.     Section 309(e) of the Act, 33 U.S.C. § 1319(e), provides:

Whenever a municipality is a party to a civil action brought by the United States
under this section, the State in which such municipality is located shall be joined
as a party. Such State shall be liable for payment of any judgment or any expenses
incurred as a result of complying with any such judgment entered against the
municipality in such action, to the extent that the laws of that State prevent the
municipality from raising revenues needed to comply with such judgment.

8.     The Commonwealth of Massachusetts has committed to join this action pursuant

to Section 309(e) of the CWA, 33 U.S.C. § 1319(e), as an intervening plaintiff. The United

States reserves all claims which it may have against the State under Section 309(e).

2

## STATUTORY BACKGROUND

9.      Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters of the United States except in compliance with the terms and conditions of a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

10.     Section 402 of the Act, 33 U.S.C. § 1342, provides that the Administrator of EPA may issue permits under the NPDES program for the discharge of any pollutant into the navigable waters of the United States upon such specific terms and conditions as the Administrator may prescribe.

11.     Section 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), authorize the commencement of an action for civil penalties and injunctive relief against any person who violates Section 301(a) of the CWA, 33 U.S.C. § 1311(a), or any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

12.     Section 402 of the CWA, 33 U.S.C. § 1342, provides that the Administrator may issue permits under the NPDES program for the discharge of pollutants into navigable waters of the United States upon such specific terms and conditions as the Administrator may prescribe.

13.     Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the term "discharge of pollutants" to include "any addition of any pollutant to navigable waters from any point source."

14.     Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines the term "pollutant" to include, *inter alia*, "sewage . . . , biological materials . . . , and . . . municipal . . . waste discharged into water."

15.     Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines the term "navigable waters" as "the waters of the United States, including the territorial seas." Waters of the United States" has been further defined to include, among other things, waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, and tributaries of such waters. 40 C.F.R. § 122.2 (1993).

16.     Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines the term "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit . . . from which pollutants are or may be discharged."

17.     Section 402 of the CWA, 33 U.S.C. § 1342, provides that the Administrator of EPA may issue permits under the NPDES program for the discharge of pollutants into navigable waters upon such specific terms and conditions as the Administrator of EPA may prescribe.

## GENERAL ALLEGATIONS

18.     EPA issued NPDES Permit No. MA0100625 ("the Permit") to the City of Gloucester for the WPCF with effluent limits based on primary treatment, pursuant to a modification it granted to the City under Section 301(h) of the CWA, 33 U.S.C. § 1311(h) (hereinafter, "Section 301(h) modification"), on June 26, 1985. EPA thereafter reissued the Permit, again with a Section 301(h) modification, on August 28, 2001, which became effective on October 27, 2001, and expired on October 27, 2006. The Section 301(h) modification allowed the Permit to include effluent limits based on primary rather than secondary treatment standards. Primary treatment is the practice of removing some portion of the suspended solids and organic matter in a wastewater through sedimentation.

19.     The City applied for renewal of its Permit and Section 301(h) modification on May 26, 2006, and the Permit was administratively continued under 40 C.F.R. §122.6.

- 4 -

Case 1:23-cv-10505-LTS   Document 1   Filed 03/06/23   Page 5 of 8

20.     On November 5, 2010, EPA issued a Tentative Denial of the application for renewal of the Permit's Section 301(h) modification under 40 C.F.R. § 125.59(h), together with a Draft NPDES permit with effluent limits based on secondary treatment. In the absence of a Section 301(h) modification, the WPCF is subject to the CWA's secondary treatment requirements that generally apply to publicly owned treatment works. 33 U.S.C. § 1311(b)(1)(B); 40 C.F.R. § 125.3(a)(1)(i). Secondary treatment is the removal of pollutants such as suspended solids and organic matter from wastewater, typically through physical and biological processes, in order to meet technology-based standards for biological oxygen demand (BOD) and total suspended solids (TSS).

21.     After consideration of the issues and public comment, EPA decided both to deny the City's application for renewal of its Section 301(h) modification and to issue the City the Final NPDES Permit ("Final Permit") with effluent limits based on secondary treatment. *See* 33 U.S.C. § 1311(b)(1)(B); 40 C.F.R. Part 133. EPA issued and signed the Final Permit on June 30, 2022, and it became effective as of September 1, 2022. On July 1, 2022, EPA also signed a document memorializing its final denial of the City's request for renewal of its Section 301(h) modification.

22.     The Final Permit authorizes the City to discharge pollutants from Outfall 001 of the WPCF subject to the effluent limitations, monitoring requirements, and other conditions specified in the Final Permit, such as, among other requirements, limits for biological oxygen demand (BOD) (30 mg/L monthly average and 45 mg/L weekly average), BOD % removal ($\geq$85%), total suspended solids (TSS) (30 mg/L monthly average and 45 mg/L weekly average), TSS % removal ($\geq$85%), whole effluent toxicity (WET) ($LC_{50} \geq$100%), oil and grease (non-detect), total petroleum hydrocarbons (TPH) (non-detect), fecal coliform (14 MPN/100 mL

monthly average and 28 MPN/100 mL), and enterococci bacteria (35 MPN/100 mL monthly average and 130 MPN/100 mL).

23.     Information provided by the City demonstrates that, as currently configured, the WPCF's discharge is unable to meet BOD, TSS, WET, oil and grease, TPH, or bacteria limits set by the Final Permit until such time as WPCF upgrades are completed.

24.     At all times relevant to this action, the Final Permit has authorized the City to discharge wastewater from Outfall 001 at the WPCF to Massachusetts Bay. Outfall 001 is a point source within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14).

25.     Massachusetts Bay is a navigable water of the United States within the meaning of Section 503(7), 33 U.S.C. § 1362(7).

26.     The effluent discharged from the Outfall 001 contains "pollutants" as defined by Section 502(12) of the CWA, 33 U.S.C. § 1362(12). Effluent discharged from the WPFC adds pollutants to Massachusetts Bay and, therefore, constitutes a "discharge of pollutants" as defined in Section 502(12) of the CWA, 33 U.S.C. § 1362(12).

27.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action to obtain appropriate relief, including a permanent or temporary injunction, when any person violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation in an NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. The United States Department of Justice has authority to bring this action on behalf of EPA pursuant to Section 506 of the CWA, 33 U.S.C. § 1366.

28.     Under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), together with the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461, and 40 C.F.R. § 19.4, any person who violates

Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation contained in a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $59,973 per day for each violation which takes place after November 2, 2015.  *See* 87 Fed. Reg. 1676 (Jan. 12, 2022).

<u>**COUNT ONE**</u>
**(NPDES Permit Violations**)

29.     The United States realleges and incorporates by reference the allegations of paragraphs 1 through 28 above.

30.     Upon information and belief, the City has violated, and will continue to violate one or more of the effluent limits for the pollutants described in Paragraph 22 above, until construction of secondary treatment at the WPCF is complete, in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a). Each violation of a permit condition, and each day of discharge, is a separate violation of the NPDES permit and the CWA.

31.     Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, the City is liable for injunctive relief and for civil penalties not to exceed $59,973 per day for each violation.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the United States of America respectfully requests that the Court grant the following relief:

1.     Permanently enjoin the City, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), from any and all future violations of the CWA and from discharges of pollutants except as authorized by a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342;

2.      Order the City to comply with all requirements of the 2022 Permit;

3.      Order the City to pay a civil penalty not to exceed $59,973 per day per violation;

4.      Award the United States its costs in this action; and

5.      Grant such other relief as the Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

Dated: March 6, 2023                    */s/ Henry Friedman*
Henry Friedman
Assistant Chief
Environmental Enforcement Section
601 D. Street, N.W.
Washington, DC 20044
(202) 598-0408
henry.friedman@usdoj.gov


RACHAEL ROLLINS
United States Attorney
District of Massachusetts

Dated: March 6, 2023                    */s/ Annapurna Balakrishna*
Annapurna Balakrishna
Assistant U.S. Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3111
annapurna.balakrishna@usdoj.gov


OF COUNSEL:
Jeffrey Kopf
Senior Enforcement Counsel
U.S. Environmental Protection Agency, Region 1